A. L. Powell v. Commissioner.
Powell v. Commissioner
Docket No. 45960.
United States Tax Court
T.C. Memo 1957-185; 1957 Tax Ct. Memo LEXIS 62; 16 T.C.M. (CCH) 825; T.C.M. (RIA) 57185; September 30, 1957
*62 Held, the petitioner and his wife did not, in good faith and with a business purpose, intend to join together in the operation of the business of the A. L. Powell Company as partners. deQuincy V. Sutton, Esq., Hattiesburg, Miss., for the petitioner. J. C. Linge, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion Respondent determined deficiencies in the petitioner's income tax for the years 1943 through 1947, as follows: Year
Deficiency
1943
$ 1,629.41
1944
19,980.93
1945
10,509.42
1946
28,735.65
1947
3,262.69 The issues involving the year 1943 have been settled by the parties. The issue before us is whether a valid partnership existed between the petitioner and his wife during the years 1944 through 1947. Findings of Fact Petitioner, a resident of Mississippi, filed his individual income tax returns for the years 1943 through 1947 with the then collector of internal revenue for the district of Mississippi at Jackson, Mississippi. Petitioner married Mable Ulmer in 1926. In 1939 the petitioner moved to Mobile, Alabama, where he became associated with M. C. Morgan in the purchases and sales of piling, *63 crossties, and pulpwood. No written partnership agreement was executed in the formation of this enterprise. Mable's name did not appear on the books of this enterprise, and no written instrument with respect to a partnership was ever executed by petitioner and his wife. The investment accounts of the petitioner and M. C. Morgan and this enterprise consisted of earnings, less drawings. Funds advanced to the enterprise were as follows: Notes Payable
A. L. Powell
$1,000
M. C. Morgan
1,000 Petitioner's wife at no time received any amount as a distribution of profits from the enterprise. In July 1941 the enterprise was discontinued and the petitioner, on or about the same date, commenced operations of a business in Lucedale, Mississippi, under the name of A. L. Powell Company, hereinafter called the Powell Company. Earnings accumulated to the petitioner's credit in the enterprise with Morgan were used by the petitioner in the operation of the new business. This business operated by the petitioner consisted of the acquisition of pulpwood which he sold to the International Paper Company under an exclusive dealership. This exclusive dealership was at all times held *64 in the petitioner's name and it designated the area in which the petitioner could acquire pulpwood and specified the railroads to be used as carriers. The Powell Company also acquired crossties which were sold to three different railroad companies. The Powell Company was incorporated on June 30, 1947. Petitioner's wife continued to live in Mobile, Alabama, until 1942, when a residence was purchased in Laurel, Mississippi, for the amount of $4,480.12. She has lived continuously in Laurel since 1942. Petitioner came to Laurel only on week ends. Petitioner's wife did some clerical work for the Powell Company on week ends at Laurel. During the years 1940 through 1947, the petitioner's wife was ill and was under the care of a doctor. She was required to rest at least two hours each day. All the books and records of the Powell Company were kept at Lucedale, where a full-time bookkeeper was employed. The bank account of the Powell Company was in the petitioner's name. No written partnership agreement was executed by petitioner and his wife in connection with the operation of the Powell Company. The books and records of the Powell Company did not contain a capital account for petitioner's *65 wife, and she exercised no control over the distribution and use of income. She received no distribution of profits from the Powell Company. Petitioner gave his wife monthly allowances during the period here involved to cover her living expenses. On September 11, 1940, the amount of $1,068.52 was deposited to the special account of petitioner's wife and J. M. Ulmer in the First National Bank of Mobile, Alabama. This deposit, plus interest, totaling $1,089.89 was withdrawn from the Mobile Bank and deposited in the account of petitioner's wife in the Bank of Shubuta, Mississippi, on September 13, 1941. On the same date the petitioner's wife drew a check in the amount of $1,125, on the Bank of Shubuta, for the purchase of bonds. After this check was drawn, the balance in her checking account in the Bank of Shubuta was $111.65. During the period April 1939 to December 31, 1941 the petitioner's wife drew the following checks on her account in the Bank of Shubuta: Date
Amount
9/13/39
$ 395.00
1/ 5/40
5.00
5/24/40
40.00
8/19/40
40.14
8/27/40
56.96
8/30/40
.50
7/23/41
5.95
9/15/41
1,125.00 (purchase
of bonds)
Petitioner, for the years 1941 through 1943, *66 reported all the income earned from his operations in his individual income tax returns, excluding the earnings attributable to M. C. Morgan. The Federal income tax returns filed by the petitioner for the years 1944 through 1947 show income received from the Powell Company as a distribution of partnership earnings. There was no intention on the part of the petitioner and his wife, in good faith, to carry on the business of the Powell Company as partners. Opinion MULRONEY, Judge: The issue in this case is whether a valid partnership existed between the petitioner and his wife during the years 1944 through 1947. The test to be applied in making this determination was set forth by the Supreme Court in : "The question is * * * whether, considering all the facts - the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent - the parties in good faith *67 and acting with a business purpose intended to join together in the present conduct of the enterprise. * * *" Since respondent determined no partnership existed during the tax years in question, the burden was upon petitioner to prove there was a partnership during said years. No useful purpose would be served by making a complete review of the testimony. We have studied the record carefully and it falls far short of establishing that a partnership ever existed between petitioner and his wife. There was no written partnership agreement ever executed, and while the absence of such written agreement is not necessarily vital to petitioner's argument, it is nevertheless a fact to be considered. At no time did the name of petitioner's wife appear on any of the books maintained by the Powell Company. There is no indication of any capital account allocating any share of the earnings of the enterprise to her. There is no indication of any capital contribution to the enterprise by the wife. Throughout the years here involved the petitioner's wife did not receive any distribution of partnership income, but instead, the petitioner gave her, each month, her necessary living expenses. It is *68 obvious that petitioner's wife did not have any control over the income of the alleged partnership, and that, in fact, none was ever distributed to her. Moreover, petitioner's wife displayed a complete unawareness of the returns filed by the alleged partnership in the years here involved. Except for some minor clerical duties, mostly on week ends, petitioner's wife did not participate in the management or daily affairs of the Powell Company. Although the alleged partnership was supposed to have been in existence since 1941, the evidence shows that the petitioner, up through the year 1943, reported on his individual income tax returns all of the income from the alleged partnership, and it was only after a change in accountants that the returns filed by petitioner, subsequent to 1943, showed the income received from the Powell Company as a distribution of partnership earnings. It also appears that the bank accounts of the enterprise were in petitioner's name alone. Also, the exclusive dealership contract with the International Paper Company for the purchase and sale of pulpwood, which was the bulk of petitioner's business operations, was in the name of petitioner alone. It is also *69 significant that the fulltime bookkeeper who managed the office of the Powell Company and kept all the books and records, had only the vaguest notion, if it can be called even that, that a partnership ever existed in the conduct of the Powell Company. There is some testimony that the petitioner's wife made a capital contribution of $1,000 to an enterprise conducted by petitioner and Morgan prior to the operations of the Powell Company. The argument seems to be that this capital contribution showed a desire on the part of petitioner's wife to be a partner in the earlier enterprise and that when such enterprise was disbanded and the accumulated earnings, excluding Morgan's share, were put into the Powell Company, it represented a capital contribution by the petitioner's wife, as well as by the petitioner, to the Powell Company. We are convinced, however, that petitioner's wife did not make any capital contribution to the earlier enterprise. The only mention of $1,000 appears on the books of such enterprise as a note payable to petitioner. There is no evidence from which we can make out any intent to treat this $1,000 as a capital contribution. Moreover, we cannot discover any intent *70 on the part of petitioner's wife to become a partner in the conduct of such earlier enterprise. Assuming, however, that some capital contribution by the wife can be traced through the earlier enterprise into the Powell Company, such fact alone will not be decisive. As pointed out in the Culbertson case, supra, the capital contribution is only one of several factors to be examined. We hold that petitioner and his wife did not, in good faith and with a business purpose, intend to join together as partners in the conduct of the business of the Powell Company. Decision will be entered for the respondent.